UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARY LARNCE,

    Plaintiff,

v.                                                                     Case No. 3:21cv1033-MCR-HTC

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mary Larnce initiated this action in September 2021 by filing a complaint pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits. ECF Doc. 1. After Plaintiff filed a motion for summary judgment, ECF Doc. 18, the Commissioner filed an "Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g), with Remand to the Defendant." ECF Doc. 21.

Upon consideration, the undersigned recommends the Commissioner's motion be GRANTED and the Commissioner's decision be REVERSED under sentence four of 42 U.S.C. § 405(g) and REMANDED to the Commissioner for

further proceedings.

Title 42 U.S.C. Section §405(g) "permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Under sentence four of § 405(g), a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." 42 U.S.C. §405(g); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Here, the Commissioner asserts "remand is appropriate in this case so that an administrative law judge (ALJ) may further evaluate the case and issue a new administrative decision." ECF Doc. 21 at 1. The Commissioner states that upon remand: "the ALJ will be instructed to obtain supplemental vocational evidence, addressing and resolving inconsistencies between the limitations outlined in the residual functional capacity and the job requirements for the work found that the claimant can perform in the national economy as described in the Dictionary of Occupational Titles (SSR 00-4p)." *Id*. at 1-2. Based on the Commissioner's reasoning, and the fact that the motion is unopposed, the undersigned finds a reversal and remand to be warranted.

Case No.: 3:21cv1033-MCR-HTC

Accordingly, it is respectfully RECOMMENDED that:

1. The "Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g), with Remand to the Defendant," ECF Doc. 21, be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. Plaintiff's "First Motion for Summary Judgment," ECF Doc. 18, be terminated as MOOT.

3. The clerk be directed to enter judgment in favor of Plaintiff.

4. This matter be REMANDED to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

5. The clerk be directed to close this file.

At Pensacola, Florida, this 3rd day of August, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No.: 3:21cv1033-MCR-HTC